IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 2:14 pm, Jun 20, 2019*

| | |
|---|---|
| DERRELL RUTH, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-34 |
| v. | |
| WARDEN DEAL; and STEVE CHAPMAN, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff originally filed this action in the Middle District of Georgia while confined in a state prison. Docs. 1, 19, 20, 21. While the Middle District originally construed Plaintiff's pro se pleading as an application for federal habeas corpus relief, Plaintiff later clarified he sought to challenge the conditions of his confinement at Ware State Prison in Waycross, Georgia. Docs. 19, 26, 31. This action is now pending in the Waycross Division of this Court. Doc. 32. For the reasons set out below, I **RECOMMEND** the Court **DISMISS** this action **without prejudice** for failure to follow a Court Order. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL

**BACKGROUND**

After the Middle District transferred this action to the Southern District, the Court determined Plaintiff intended to file suit under § 1983. Docs. 26, 27. The Court then ordered Plaintiff to amend his Complaint using the Court's standard form for pro se § 1983 lawsuits. Doc. 27. Plaintiff submitted a timely Amended Complaint on March 29, 2018, doc. 28, but the Amended Complaint was largely indecipherable and "ambiguous as to which facts and Defendants are associated with the various claims." Doc. 39 at 1–2, 4–5. Moreover, while Plaintiff alleged some interpretable claims, his Amended Complaint incorporated only "some, but not all, of his previous filings."[2] Id. Thus, the Court could not determine whether Plaintiff intended to abandon "facts, claims, or Defendants described in previous filings" but not included in Plaintiff's most recent iteration of his Complaint. Id.

In order to give Plaintiff a full opportunity present his claims and cure the defects in the Amended Complaint, the Court deferred its frivolity review and ordered Plaintiff to file a Second Amended Complaint. Id. at 4–7. The Court explained that Plaintiff's Second Amended Complaint would supersede his other filings and would become the operative document going forward. Id. The Court cautioned Plaintiff that "only the facts, claims, and named Defendants included in Plaintiff's Second Amended Complaint will be considered by the Court" and warned that "[p]revious filings would not be considered." Id. The Court also provided a detailed list of directives to assist Plaintiff in drafting a more comprehensive pleading. Id. at 6–7. Despite these

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]  Plaintiff, over the course of this proceeding, has "submitted over 150 pages of pleadings and exhibits which may be relevant to [the] Court's frivolity review." Id. at 2.

instructions, however, Plaintiff failed to file a Second Amended Complaint, and the time to do so has expired.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed in forma pauperis, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Additionally, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Notably, Rule 10 of the Federal Rules of Civil Procedure requires parties

to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and bring "each claim founded on a separate transaction or occurrence" in a separately numbered count.  Fed. R. Civ. P. 10.  Rules 8 and 10 are "supposed to work in tandem 'to require the pleader to present his claims discretely and succinctly, so that (1) his adversary can discern what he is claiming and frame a responsive pleading, and (2) the court can determine which facts support which claims, and whether the plaintiff has stated any claims upon which relief can be granted.'"  Fotse v. LendingHome Funding Corp., No. 1:18-cv-03181, 2018 WL 7019359, at *3 (N.D. Ga. Sept. 11, 2018) (quoting Fikes v. City of Daphne, 79 F.3d 1079, 1082–83 (11th Cir. 1996)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal, 251 F.3d at 1349).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . . " (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directives. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Follow this Court's Order**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under Fed[eral] R[ules of] Civ[il] P[rocedure] 41(b) for failing to comply with a court order." Muhammad v. Muhammad, 561 F. App'x 834, 836 (11th Cir. 2014); see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F.

App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."); Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]")

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)). Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders." Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for failure to comply with a court order when plaintiff was warned that failure to comply with the order would result in dismissal and was "given opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"); Hart v. Marlow, No. 15-21257-CIV, 2015 WL 13740729, at *2 (S.D. Fla. July 31, 2015) (dismissing for failure to follow a court order when the plaintiff "knowingly ignored" court orders "instructing him on the filing requirements for his final amended complaint" and "failed to file a final, proper amended complaint"). Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. Plaintiff failed to submit a timely Amended Complaint. The Court provided Plaintiff with specific instructions for filing a Second Amended Complaint, and Plaintiff failed to comply with those instructions. See Forde, 578 F. App'x at 879 (finding that pro se litigants are not excused from complying with court orders directing "the necessary contents and proper structure of [an] amended complaint" simply "by filing a complaint that states a claim against properly-named defendants"); Muhammad, 561 F. App'x at 836 ("[S]ince the district court warned [plaintiff] that his suit would be dismissed if he did not correct the complaint, and provided ample instructions on how to craft a proper pleading . . . it did not abuse its discretion in dismissing the case without prejudice."). Additionally, the Court warned Plaintiff failure to do so may result in the dismissal of his case. Doc. 39 at 7.

Despite the Court's willingness to excuse Plaintiff's procedural mistakes and to provide Plaintiff an opportunity to submit a proper Second Amended Complaint in compliance with the Court's directives, Plaintiff has not done so. The Court cannot continue to permit Plaintiff to ignore clear and direct instructions. Thus, dismissal without prejudice for failure to comply with the Court's orders is appropriate. I, therefore, **RECOMMEND** the Court **DISMISS** this action **without prejudice** for failure to follow the Court's Order.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier, 314 F.3d at 531; see also Brown v. United States, Nos. 4:07-cv-085, 4:03-cr-001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of June, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA